UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

**10 MAR 11  AM 8: 52**

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| ERIC WORKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| GREENWOOD COMMUNITY SCHOOL | ) | **1 : 10 -cv- 0 2 9 3 SEB -TAB** |
| CORPORATION; | ) | |
| PRINCIPAL, GREENWOOD HIGH | ) | |
| SCHOOL, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Verified Complaint for Declaratory and Injunctive Relief and Nominal Damages**

Comes now Eric Workman, being duly sworn upon his oath, and by his counsel, and files this Verified Complaint for Declaratory and Injunctive Relief and Nominal Damages.

**Introductory statement**

1.     Each year the Greenwood Community High School, the high school for the Greenwood Community School Corporation, requires the senior class to vote to determine if a student-led prayer will be offered during graduation.  This year, as in prior years, a majority of the senior class voted to have the public prayer at graduation, although there were opposing votes.  Eric Workman, a current senior at the High School, opposes such prayer and the student-election leading to it.  Both the prayer and the process of allowing students to vote on whether or not to have the prayer violate the First Amendment to the United States Constitution and must be enjoined.

**Jurisdiction, venue, cause of action**

2.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5.     This action is brought, pursuant to 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.     Eric Workman is an adult resident of the State of Indiana.

7.     The Greenwood Community School Corporation is a public school corporation located in Greenwood, Indiana.

8.     The Principal of the Greenwood High School is the duly appointed principal of the high school which is the high school for the Greenwood Community School Corporation.  He is sued in his official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

**Facts**

9.     Greenwood High School is the public high school for students who attend the Greenwood Community School Corporation.

10.    Eric Workman is currently a senior at Greenwood High School.  He is 18 years of age.

11.    At the current time Eric Workman is ranked first in his class' academic rankings. He is scheduled to graduate this Spring.

12.    The Greenwood Community School Corporation and defendant Principal have a policy, practice, custom and usage of conducting a vote among the seniors to determine if

a graduation prayer will be offered by a graduating senior at each year's graduation and then allowing a prayer to be part of graduation if a majority of the seniors so approve.

13.     Eric Workman is aware that at past graduations a student has recited a prayer as part of the formal graduation ceremony.

14.     Eric Workman has attended past graduations where such prayers have been offered.

15.     In September of 2009, during school hours, the seniors were required to attend an assembly in the High School's auditorium.

16.     The Principal of the High School as well as other High School staff were present at the assembly and passed out a pre-printed ballot to the seniors.

17.     On information and belief the ballot was devised, and printed, by school personnel.

18.     On the ballot were a number of questions, including whether the student wished there to be a prayer at graduation.

19.     The students were instructed by the ballot to either respond "yes" or "no" to the question about graduation prayer.

20.     After the vote was taken the ballots were collected by the High School staff and the students returned to classes.

21      Eric Workman has been informed by an employee of the High School that, although there were a number of dissenting votes, a majority of seniors voted to have the prayer and therefore it would be occurring at the graduation.

22      The graduation is scheduled for May 28, 2010 and he will be attending the graduation.  Because of his class rank he anticipates speaking at the graduation.

3

23.     Eric Workman objects to prayer at the graduation because he does not believe that anyone should involuntarily be subjected to prayer and religious beliefs. The people participating in, and attending, graduation should not be compelled to be involved in a religious exercise.

24.     Eric Workman also objects to the school allowing a majority of students to determine that prayer will occur.  Through this election scheme the defendants have established a forum, in the school itself, for religious debate and have subjected religious practice to a majority vote.

25.     Defendants' actions are causing, and will cause, plaintiff irreparable harm for which there is no adequate remedy at law.

26.     At all times defendants have acted under color of state law.

27.     The violation of Eric Workman's constitutional rights entitle him to nominal damages.

**Claim for relief**

28.     Defendants' policy, practice, custom and usage of requiring the senior high school class to vote on whether or not to have a prayer at graduation, and allowing such prayers to occur at graduation after the vote, violates the First Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that this Court:

a.      Accept jurisdiction of this case and set it for hearing.

b.      Enter a preliminary injunction, later to be made permanent, enjoining defendant from allowing the senior high school class to vote on whether or not to have a student-led prayer at graduation and enjoining defendants from allowing student-led prayer at graduation.

c.      Award plaintiff his nominal damages.

d.      Award plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

e.      Award all other proper relief.

_____
Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059 ext. 104
fax: 317/65-4105
kfalk@aclu-in.org

Attorney for Plaintiff

## Verification

I verify under penalty of perjury that the foregoing representations are true.

Executed on: *3/10/10*

_____
Eric Workman